■ ALFRED KULKA et al., Respondents, v JUDITH MOLSKY, Appellant.—In an action to recover on 11 promissory notes, the defendant appeals from a judgment of the Supreme Court, Queens County (Smith, J.), dated July 3, 1989, which, upon granting summary judgment in favor of the plaintiffs on the issue of liability and after a hearing on the issue of damages, is in favor of the plaintiffs and against her in the principal sum of $142,000.

Ordered that the judgment is modified, on the law, by (1) deleting the sum of $142,000, therefrom, and substituting therefor the sum of $20,000, representing the principal amount of the judgment in favor of the plaintiffs' jointly, (2) adding thereto a provision awarding judgment in favor of plaintiff Alfred Kulka in the principal sum of $112,000, (3) adding thereto a provision awarding judgment in favor of plaintiff Heddy Kulka in the principal sum of $10,000, (4) adding thereto a provision dismissing the defendant's answer and striking her counterclaim, and (5) deleting therefrom the sums of $18,487.23 and $161,457.23; as so modified, the judgment is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for calculation of the interest to be awarded upon the principal sums, as amended, and for the entry of an amended judgment accordingly.

The plaintiffs made a joint motion for summary judgment on the issue of liability and to dismiss the defendant's counterclaim. Their motion was supported by copies of eight promissory notes issued by the defendant to the plaintiff Alfred Kulka, two promissory notes issued by the defendant to the plaintiff Heddy Kulka, and one promissory note issued to the plaintiffs jointly. The Supreme Court properly noted that the defendant did not deny making these notes, but instead "allege[d] that she [was] unaware or [did] not remember whether [the plaintiffs] might have forged her signature". The Supreme Court was correct in holding that, under these circumstances, the defendant had failed to demonstrate the existence of a triable issue of fact with respect to the validity of the notes, and had failed to demonstrate any potentially meritorious defense.

We modify the judgment appealed from to clarify that each plaintiff is entitled to judgment only to the extent that he or she is named as an obligee on the several notes in question.

Although the Supreme Court stated in its memorandum decision that the defendant's conclusory allegations of fraud and conspiracy were insufficient to defeat summary judgment, thus implicitly granting that branch of the plaintiffs' motion which was for summary judgment dismissing the defendant's answer and striking her counterclaim to recover damages based on the theories of fraud and conspiracy, the judgment fails to reflect this determination. Accordingly, the judgment is further modified by adding a provision explicitly dismissing the answer and striking the defendant's counterclaim. Mangano, P. J., Bracken, Sullivan and Miller, JJ., concur.